UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN GAMBLE,

                                                 Plaintiff,

      vs.                                                 9:06-CV-136
                                                              (LEK/GJD)
MS. A. MONETTE, et al.,

                                               Defendants.
_____

KEVIN GAMBLE, Plaintiff pro se
CHRISTOPHER W. HALL, Asst. Attorney General for defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

    In this amended civil rights complaint, plaintiff alleges that his due process, First Amendment, and Eighth Amendment rights were violated as the result of a misbehavior report written by defendant Monette and the subsequent disciplinary hearing that was conducted by defendant Wolczyk. (Dkt. No. 10). Plaintiff seeks substantial monetary relief.

    Presently before the court is defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g)(the "three strikes" provision of the Prison Litigation Reform Act (PLRA)). (Dkt. No. 17). For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

## DISCUSSION

**1.     "Three Strikes" Provision of the PLRA**

Defendants argue that this action should be dismissed because plaintiff has "three strikes" against him for purposes of the Prison Litigation Reform Act (PLRA) section which prohibits the filing of an action *in forma pauperis* when the plaintiff has had actions dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness. 28 U.S.C. § 1915(g). Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Second Circuit has held that the three strikes provision applies to cases that were dismissed for failure to state a claim or for frivolousness even prior to the enactment of section 1915(g). *Welch v. Galie,* 207 F.3d 130, 132 (2d Cir. 2000). The court in *Welch* cited cases, holding that section 1915(g) and this interpretation were valid because the provision does not ***prevent*** an individual from bringing an action, but merely affects the ability to file the action ***in forma pauperis***. *Id.* (citations omitted). The court also notes, however, that a dismissal can be pursuant to section 1915(g) even if the court originally granted plaintiff *in forma pauperis* status. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998)(dismissing under

section 1915(g) and finding that in forma pauperis status was "improvidently granted").

If plaintiff has three strikes, section 1915(g) prevents plaintiff from filing a subsequent action *in forma pauperis* unless the plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The "imminent danger" exception to section 1915(g) has been interpreted to apply only if the plaintiff is imminent danger of serious physical injury "at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

In this case, defendants first argue that although plaintiff states in his amended complaint that he has filed "no" other actions relating to his imprisonment, that statement is ***not true***. Defendants state that plaintiff has filed ***at least three other cases in this district alone***[1] that relate to his confinement. Defendants also argue that these three other cases were dismissed either as frivolous or for failure to state a claim, and thus, the present action should be dismissed under the "three strikes" provision in section 1915(g).

Defendants have submitted copies of the dismissals, together with the docket

---

[1] Although defendants cite only three cases, a review of the court's records show that plaintiff has filed at least ten cases in this district alone. Seven of those cases have been closed, five of which have been dismissed either as frivolous or for failure to state a claim. In addition to the three cases cited by defendants and this case, plaintiff has also filed: *Gamble v. Allen*, 9:06-CV-1182 (LEK/GJD)(currently pending); *Gamble v. Kelsh et al.,* 9:07-CV-93 (LEK/GJD) (dismissed *sua sponte* for failure to state a claim); *Gamble v. Kelsh, et al.,* 9:07-CV-474 (TJM/RFT)(dismissed for failure to state a claim and for frivolousness); *Gamble v. Maynard,* 9:06-CV-1543)(currently pending). One of the cases was transferred to another district. *Gamble v. Isaacs,* 9:05-CV-1097 (transferred to WDNY). Plaintiff also filed *Gamble v. Monette, et al.,* 9:06-CV-979 (FJS/RFT)(filed mistakenly as a separate action, but closed and ordered to be re-filed as an amended complaint in this action (9:06-CV-136).

3

sheets that reflect those dismissals, as exhibits to their motion. (Dkt. No. 17, Exhibits A-F).

### A. *Gamble v. Loran*, **9:05-CV-1088**

On August 31, 2005, plaintiff filed *Gamble v. Loran*, 9:05-CV-1088. (Dkt. No. 1).[2] On September 7, 2005, the Honorable Lawrence E. Kahn found that plaintiff's complaint did not set forth sufficient facts upon which the court could rely in determining whether a cause of action had been stated. (Dkt. No. 4 at p.3). Thus, the court ordered plaintiff to file an amended complaint or his case would be dismissed. Plaintiff filed what was labeled an amended complaint on September 22, 2005, (Dkt. No. 5), and then filed an amended complaint on October 25, 2005. (Dkt. No. 7).

On December 20, 2005, Judge Kahn found that plaintiff had again failed to state a claim and dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1) and Rule 5.4(a) of the Local Rules of the Northern District of New York. (Dkt. No. 8 at p.3). Judge Kahn also certified that "any appeal from this matter would not be taken in good faith prusuant to 28 U.S.C. § 1915 (a)(3)."[3] *Id.* Although plaintiff had the option of filing another amended complaint, he did not do so.

A dismissal under 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A(b)(1) clearly qualifies as a strike because these sections refer to actions being dismissed as

---

[2] The docket numbers in this section refer to the docket numbers of 05-CV-1088.

[3] 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the District Court certifies that the appeal would not be taken in good faith.

4

malicious, frivolous or for failure to state a claim. Thus, the dismissal of *Gamble v. Loran*, 9:05-CV-1088 qualifies as one strike.

### B. *Gamble v. Cox*, 9:05-CV-1093

On August 31, 2005, plaintiff filed *Gamble v. Cox*, 9:05-CV-1093. (Dkt. No. 1)[4]. On December 6, 2005, Senior U.S. District Judge Frederick J. Scullin Jr. found that plaintiff had not stated sufficient facts for the court to determine that plaintiff stated a cause of action. (Dkt. No. 4). In his order, Senior Judge Scullin afforded plaintiff thirty days to file an amended complaint that would state a claim. (Dkt. No. 4 at pp.4-5). Plaintiff failed to comply with Senior Judge Scullin's order, and on February 13, 2006, judgment was entered on behalf of the defendant.[5] (Dkt. No. 5).

Although Senior Judge Scullin did not specify the statute under which he was conditionally dismissing the action, his decision stated that plaintiff did not specify what constitutional rights the named defendant had violated, nor what injury or damages the plaintiff sustained. (Dkt. No. 4 at p.2). Although the Judgment filed by

---

[4] The docket numbers in this section refer to the docket numbers in 05-CV-1093.

[5] The court does note that the final judgment in 05-CV-1093 was filed on February 13, 2006, shortly *after* this case was filed, however, the order conditionally dismissing 05-CV1093 for failure to state a claim was filed on December 6, 2005, *prior* to the filing of this action on February 1, 2006. Thus, this court finds that even though the final judgment in 05-CV-1093 was not filed until after this case was filed, 05-CV-1093 may still count as a "prior" action that was dismissed for failure to state a claim and may be considered a strike for purposes of this case.
   The court would also point out that although not relevant to the dismissal of this action, ***plaintiff continues to file cases that are dismissed as frivolous or for failure to state a claim***. *See Gamble v. Kelsh et al.*, 9:07-CV-93 (LEK/DRH) and *Gamble v. Kelsh et al.,* 9:07-CV-474 (TJM/RFT). In fact, in 07-CV-474, Senior Judge McAvoy dismissed the action both for failure to state a claim and because the case was frivolous, warning plaintiff, just earlier this month, that it was inappropriate and sanctionable to submit multiple complaints against the same defendants asserting identical claims. (Dkt. No. 4 in 07-CV-474).

the Clerk states that the case was dismissed because plaintiff did not comply with Senior Judge Scullin's order, it is clear that Senior Judge Scullin's order found that plaintiff did not state a claim. This finding is sufficient to count as plaintiff's second "strike."

### C. *Gamble v. Monette*, 9:05-CV-1095

On August 31, 2005, plaintiff filed the original complaint in *Gamble v. Monette*, 9:05-CV-1095. (Dkt. No. 1).[6] In 05-CV-1095, plaintiff named the same defendant as in the case presently before the court. The defendant, Ms. Monette is apparently plaintiff's teacher. On September 9, 2005, U.S. District Judge David N. Hurd found that the original complaint in 05-CV-1095 did not meet the basic pleading standards, articulated in FED. R. CIV. P. 8 & 10. (Dkt. No. 4).

Because of plaintiff's failure to state sufficient facts to determine whether a claim could be stated, Judge Hurd advised plaintiff that if he did not file an amended complaint within thirty (30) days of the date of Judge Hurd's order, the complaint would be dismissed. (Dkt. No. 4 at pp.4-5). Plaintiff filed an amended complaint on October 18, 2005. (Dkt. No. 5). On December 8, 2005, Judge Hurd found that plaintiff had failed to comply with his September 9, 2005 order, and that plaintiff had "failed to set forth a claim upon which relief may be granted." (Dkt. No. 6 at p.3). Judge Hurd then dismissed the complaint without prejudice, stating that "any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3)." (Dkt. No. 6 at p.3). On December 15, 2005, judgment was entered on

---

[6] The docket numbers in this section refer to the docket numbers in 05-CV-1095.

6

behalf of the defendant. (Dkt. No. 7). On January 3, 2006, plaintiff was granted an extension of time to file a notice of appeal (Dkt. No. 8), but has never done so.

Although, Judge Hurd dismissed plaintiff's case for failure to comply with his prior order, essentially the prior order found that the complaint failed to state a claim upon which relief could be granted. Because 05-CV-1095 was dismissed for failure to state a claim, the dismissal may be considered as plaintiff's third strike.

Plaintiff has accumulated three strikes, and he may not continue to proceed *in forma pauperis* in this case. Because plaintiff has not alleged or shown that he is in imminent danger of serious physical injury, the exception to the "three strikes" rule does not apply. Thus, it is appropriate to revoke plaintiff's *in forma pauperis* status, and dismiss this action, unless within thirty (30) days from the date of the court's order dismissing the action,[7] plaintiff pays the requisite filing fee in effect at the time that the complaint was filed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g) (Dkt. No. 17) be **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's *in forma pauperis* status be **REVOKED**, and it is further

**RECOMMENDED**, that if the District Court adopts this recommendation, the complaint be **DISMISSED**, unless within thirty (30) days of the District Court's order

---

[7] The thirty days would begin to run from the time that Judge Kahn approved this recommendation after considering any objections filed by either plaintiff or defendants.

of dismissal, plaintiff pays the requisite filing fee in effect at the time that the complaint was filed.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 25, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge